UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA HAIRSTON,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 17-12346

Laurie J. Michelson
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 11)**

**I.    PROCEDURAL HISTORY**

    A.    Proceedings in this Court

On July 19, 2017, plaintiff, Theresa Hairston, filed the instant suit. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's unfavorable decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). This matter is before the Court on cross-motions for summary judgment. (Dkt. 10, 11).

    B.    Administrative Proceedings

1

Plaintiff filed an application for supplemental security income on November 13, 2014, alleging disability beginning on August 21, 2008. (Tr. 14).[1] The claim was initially disapproved by the Commissioner on April 24, 2015. *Id.* Plaintiff requested a hearing and on April 13, 2016, plaintiff appeared with counsel, before Administrative Law Judge (ALJ) Joy Turner, who considered the case *de novo*. (Tr. 38-64). In a decision dated June 20, 2016, the ALJ found that plaintiff was not disabled. (Tr. 11-33). Plaintiff requested a review of this decision and ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 12, 2017, denied plaintiff's request for review. (Tr. 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

## II. FACTUAL BACKGROUND

### A. ALJ Findings

Plaintiff, born October 21, 1970, was 44 years old, which is defined as a younger individual, on the application date. (Tr. 31). She has an associate's

---

[1] The Administrative Record appears on the docket at entry number 8. All references to the same are identified as "Tr."

degree and past relevant work as an inspector, which is semi-skilled light work, a home health care provider, which is semi-skilled medium work, an inventory specialist, which is semi-skilled medium work, and a cashier, which is semi-skilled light work. (Tr. 16). Her two younger children reside with her, as well as her adult child and her boyfriend sometimes. (Tr. 42). The ALJ applied the five-step disability analysis and found at step one that plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 17). At step two, the ALJ found that plaintiff's spine disorder, muscle/ligament disorder, obesity, affective disorder, substance addiction disorders, and personality disorder were "severe" within the meaning of the second sequential step. (Tr. 17). At step three, the ALJ found no evidence that plaintiff's impairments singly or in combination met or medically equaled one of the listings in the regulations. (Tr. 17-19). The ALJ found that plaintiff had the following residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), except the claimant occasionally can climb ramps and stairs, ladders, ropes, and scaffolds; occasionally can balance, stoop, kneel, crouch, and crawl; occasionally can reach overhead and outward with the right upper extremity, with no limits to the left; has no limits to handling, fingering, and feeling bilaterally; requires a sit/stand option every 20 minutes provided she is not off task more than 10% of the time; and is limited to simple, routine tasks with no interaction with the public and occasional interaction with coworkers and supervisors.

(Tr. 19). At step four, the ALJ found that plaintiff could not perform any of her past relevant work. (Tr. 31). At step five, the ALJ found that plaintiff could perform other jobs available in the national economy, based on vocational expert testimony. (Tr. 32-33). Accordingly, the ALJ concluded that plaintiff was not disabled from the date of the application through the date of the decision. (Tr. 33).

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

  B. <u>Governing Law</u>

  The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

7

>which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

>Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
>Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
>Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
>Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding rejecting the existence of disability, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

9

C. Analysis and Conclusions

Plaintiff asserts several, underdeveloped, points of error in roughly two pages of analysis in her brief. (Dkt. 10, pp. 6-8). First, while the ALJ found that plaintiff is limited to sedentary work, plaintiff seems to argue that the RFC limitations of lifting only 10 pounds and having a sit/stand option do not sufficiently address the limitations from her spine disorder.

In response, the Commissioner asserts that substantial evidence supports the ALJ's RFC and plaintiff has not shown otherwise. More specifically, the Commissioner says that the ALJ assessed very severe limitations. She limited plaintiff to sedentary work with an option to sit or stand every 20 minutes, with only occasional overhead and outward reaching with her right arm, along with many postural limitations. (Tr. 19). She also limited plaintiff to only simple, routine tasks, with no public interaction and only occasional interaction with coworkers. *Id*. In arriving at these limitations, the Commissioner points out that the ALJ considered, among other things: (1) Dr. Bina Shaw's[2] opinion that plaintiff could sit, stand, and walk eight hours a day with rest periods every four hours, and lift 20 pounds with no difficulty (Tr. 26, 442); (2) Dr. Hugh Bray's[3] opinion that plaintiff would have no difficulty with simple, routine tasks, and only

---

[2] Dr. Bina Shaw is a consulting examiner.

[3] Hugh Bray, Ph.D. is a consulting examiner.

10

moderate difficulty with social interactions (Tr. 26, 450); (3) plaintiff's medical treatment, which consisted mainly of routine medication refills (Tr. 27); (4) radiographs and clinical exams showing significant, but not necessarily disabling, abnormalities (Tr. 28; e.g., Tr. 439, 442, 449); (5) plaintiff's statements that she could drive for short periods, and lift and carry up to 10 pounds (Tr. 28, 44, 51); and (6) plaintiff's sporadic treatment (Tr. 30). Accordingly, the Commissioner maintains that the ALJ relied on a broad base of support for the RFC, including plaintiff's own statements, the expert opinions, and the treatment record, thus rendering the RFC a reasonable assessment, and within the "zone of choice."

In generally referring to her spinal condition and asserting that the ALJ failed to provide sufficient limitations in the RFC, plaintiff does not meet her burden in establishing reversible error. Plaintiff cannot simply point to a condition or diagnosis and claim to be disabled. Rather, it is well-settled that the mere diagnosis of an impairment is not enough to show disability; a claimant must also prove its severity and functional impact. *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988). Mere diagnosis does not equate to a disability or any particular functional limitation. *See e.g.*, *Jordan v. Colvin*, 2014 WL 5796713, at *5 (E.D. Ky. Nov. 6, 2014) ("[T]the mere fact that a claimant has been diagnosed with a variety of conditions does not equate automatically with any functional limitation.") (citing *Parley v. Sec'y of Health & Human Services*, 820 F.2d 777,

779 (6th Cir. 1987)); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a disease] says nothing about the severity of the condition."); *Hill v. Comm'r of Soc. Sec.*, 560 Fed. Appx. 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.").

Here, plaintiff does not direct the court's attention to any specific evidence in the record, such as medical opinions, that suggest she is more limited than she was found to be by the ALJ, who concluded that plaintiff could only perform a limited range of sedentary work. Indeed, plaintiff has neither developed nor supported this argument. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citations omitted); *see also Marko v. Comm'r of Soc. Sec.*, 2017 WL 3116246, at *3 (E.D. Mich. July 21, 2017) (citing *Jones v. Comm'r of Soc. Sec.*, 2013 WL 4748083, at *8 (N.D. Ohio Sept. 4, 2013) ("[I]t is not the Court's function to search the administrative record for evidence to support [Plaintiff's] 'argument' or find law supporting [his or] her claims. This Court does not conduct a de novo review in social security proceedings, and certainly cannot be expected to craft an argument on [Plaintiff's] behalf.")). The ALJ discussed in

great detail all of the imaging, opinion, and clinical evidence relating to plaintiff's spinal disorder, which, along with plaintiff's own testimony about her lifting and carrying capabilities, support the ALJ's conclusion that plaintiff can perform sedentary work, despite her spinal disorder. (Tr. 28). Therefore, the undersigned finds no error in the RFC relating to plaintiff's spinal condition.

Second, plaintiff asserts that while the ALJ acknowledges plaintiff's right gluteus medius tendon tear, she failed to incorporate limitations to account for it. Plaintiff asserts that the gluteus medius tendon tear would make sitting for any length of time, let alone 6 hours a day, painful. According to plaintiff, even with a sit/stand option, after sitting "for some time" with a tear in the gluteus medius, "anyone" would have significant pain, requiring additional time off work or being off task, which plaintiff says was not addressed by the ALJ in the decision.

The Commissioner argues that the ALJ reasonably accounted for plaintiff's gluteus tendon condition. The ALJ noted the October 2015 ultrasound finding of a right gluteus medius tendon tear and other abnormalities. (Tr. 29, 485). But she also noted plaintiff's testimony that she could stand and walk for 20 minutes at a time, and sit up to 15 minutes. (Tr. 29, 51-52). The ALJ's consideration of this evidence lead her to conclude, according to the Commissioner, that a sit-stand option in the RFC, would reasonably account for this condition. (Tr. 29). The Commissioner also points out that, contrary to plaintiff's argument, the sit-stand

13

option allowed plaintiff to avoid sitting "for some time." And the ALJ also allowed for plaintiff to be off-task up to 10 percent of the time. (Tr. 19).

Again, plaintiff's argument is both underdeveloped and unsupported by any record evidence, such as medical opinions, suggesting she is more limited than found to be by the ALJ based on her gluteus medius tendon tear. The ALJ reviewed and discussed plaintiff's imaging results showing the tear and her few follow-up appointments with her physician for the tear. The ALJ also noted the limited treatment plaintiff received for this condition, including her failure to follow through with physical therapy. *See Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 789 (6th Cir. 2017), cert. granted sub nom. *Biestek v. Berryhill*, 2018 WL 1023337 (U.S. June 25, 2018) (ALJ could consider non-compliance with prescribed treatment in assessing testimony about severity of condition); *Rodgers v. Comm'r of Soc. Sec.*, 2014 WL 6612368, *3 (E.D. Mich. Nov. 20, 2014) (failure to follow through with treatment recommendations undermined a claimant's credibility). Further, the ALJ relied on plaintiff's own testimony regarding her ability to sit for 20 minutes at a time in formulating the sit/stand option for the RFC. The undersigned finds no reversible error with respect to plaintiff's gluteus tear, particularly where plaintiff fails to direct the Court to any record evidence suggesting she is more functionally limited by this impairment than as found by the ALJ. *See Richard v. Astrue*, 2011 WL 4688788, at *5 (N.D. Ohio Oct. 4, 2011)

14

(Where there is a lack of functional limitations in the record due to an impairment, failure to include any functional limitations in the RFC is not error.); *Randolph v. Comm'r of Soc. Sec.*, 2016 WL 7206711, at *6 (E.D. Mich. Aug. 6, 2016) (finding no error in the RFC finding where the plaintiff cited only evidence the ALJ specifically considered.).

Third, plaintiff also claims that while obesity is not addressed as a separate illness or injury under the regulations, it must be addressed in how it may affect other systems and the ALJ failed to do so. Plaintiff asserts that the ALJ does not consider obesity in his RFC and therefore the hypotheticals to the vocational expert are flawed, which means that ALJ's decision is based on flawed information. Because the hypothetical questions posed to the VE do not include a proper accounting of plaintiff's impairments, plaintiff maintains that there is not substantial evidence for the ALJ to conclude that plaintiff can adjust to or perform other work in the national economy.

In response, the Commissioner contends that the ALJ reasonably accounted for plaintiff's obesity. The ALJ discussed plaintiff's obesity in depth, noting her weight fluctuations and the possible effects obesity can have on functional limitations. (Tr. 29). She concluded there did not appear to be any evidence to support obesity-related limitations beyond those in the highly restrictive RFC. *Id*.

The Commissioner points out that plaintiff cites no evidence of obesity-related limitations beyond those in the RFC. Indeed, Dr. Shaw expressly noted Plaintiff's height and weight, and assessed limitations less restrictive than those in the RFC. (Tr. 441, 442). And the ALJ relied in part on Dr. Shaw's opinion. (Tr. 25). Thus, the Commissioner maintains that plaintiff has not shown error, given that the ALJ discussed plaintiff's obesity and relied on an opinion that mentions obesity. *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir. 2006) ("The ALJ did consider Bledsoe's obesity. First, the ALJ made explicit mention of Bledsoe's obesity in his finding of facts. Second, the ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity.").

Plaintiff's complaint that the ALJ failed to consider the effects of her obesity on her functional limitations is without merit. SSR 02-1p, 2002 WL 34686281, addresses the Agency's responsibility to assess the severity and limitations arising from a claimant's obesity. As noted by the Sixth Circuit, it would be "'a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular procedural mode of analysis for obese disability claimants'…[i]nstead [the ruling] provides that 'obesity, in combination with other impairments, 'may' increase the severity of the other limitations.'" *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 443 (6th Cir. 2010) (citing *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 411-12 (6th Cir. 2006)). Thus, the ALJ's responsibility is to "consider

16

the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.*, 359 Fed. Appx. 574, 577 (6th Cir. 2009). The undersigned agrees with the Commissioner that the ALJ properly considered her obesity. Notably, the ALJ found obesity to be a severe impairment, and considered obesity in the listing analysis. (Tr. 17). Further, in giving Dr. Shaw's opinions limited weight, the ALJ found her opinion to be not well-supported by the evidence in the record, given the combination of plaintiff's impairments, including obesity. (Tr. 26). That is, the ALJ found plaintiff more limited than Dr. Shaw found, based on all of her impairments, including obesity. (*See also* Tr. 29) (ALJ expressly considered obesity in formulating the RFC). Here, the ALJ expressly considered plaintiff's severe impairment of obesity throughout her decision and plaintiff points to no functional limitations resulting from her obesity. *See Kocher v. Comm'r of Soc. Sec.,* 2015 WL 7307998, at *5 (S.D. Ohio Nov. 20, 2015), report and recommendation adopted, 2015 WL 9489750 (S.D. Ohio Dec. 30, 2015) (quoting *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) ("when 'there is no evidence in the record, of any functional limitations as a result of . . . obesity that the ALJ failed to consider,' a remand for further resolution of this issue is unnecessary."). Thus, the ALJ's analysis of plaintiff's obesity, in combination with her other impairments, does not provide grounds for remand.

17

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 23, 2018                               s/Stephanie Dawkins Davis
                                                        Stephanie Dawkins Davis
                                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 23, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                                        s/Tammy Hallwood
                                                        Case Manager
                                                        (810) 341-7850
                                                        tammy_hallwood@mied.uscourts.gov